IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SEKRE KOUAKOU and<br>DIDI HAIDAIA,<br><br>        Plaintiffs,<br><br>v.<br><br>SUTTON FUNDING, LLC,<br>EQUIFIRST CORPORATION,<br>BARCLAYS PLC,<br>BANK OF NEW YORK MELLON, N.A.,<br>JOSHUA EBOH,<br>PIGGYBANKER STOCK COMPANY,<br>NATIONS HOLDING COMPANY,<br>HAROLD BARIAN,<br>MICHAEL J. RILEY and<br>CHRISTOPHER M. LIKENS,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 09 C 7132<br><br>Judge Samuel Der-Yeghiayan<br>Magistrate Judge Martin C. Ashman |

**DEFENDANT MICHAEL J. RILEY'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

    Plaintiffs Sekre Kouakou and Didi Haidaia's ("Plaintiffs") Amended Complaint ("Complaint") brought against Defendant Michael J. Riley ("Riley") should be dismissed for lack of personal jurisdiction as well as for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6).

### INTRODUCTION

    Riley is one of ten defendants named in Plaintiffs' overly broad pleading arising from a single real estate transaction. Plaintiffs do not allege that they ever communicated with Riley or had any contact whatsoever with Riley. Plaintiffs do not allege that Riley did anything to harm them. Riley is a citizen of the State of Missouri and does not work in Illinois. The sole allegation as a basis for personal jurisdiction over him in this case is the assertion that Riley is an

1

officer or director of three, non-Illinois corporate Defendants. There is no allegation, however, that Plaintiffs had any contact, direct or indirect, with Riley. There are also no allegations in the Complaint of a single fact linking Riley to the alleged wrongdoing for which Plaintiffs sue; the allegations against him are solely based upon him being an officer and director of defendant corporations, nothing more. Because Plaintiff cannot show that Riley has sufficient contacts with the State of Illinois to subject him to the jurisdiction of this Court, his dismissal from the lawsuit is appropriate under Fed. R. Civ. P. 12(b)(2).

Plaintiffs' Complaint also should be dismissed for failure to state a claim. Conclusory allegations that lump defendants collectively as causing Plaintiffs unspecified harm or damages do not suffice to state a claim for relief. Plaintiffs must show that Riley was an active participant in or exercised specific control over the wrongful acts for which Plaintiffs sue. Plaintiffs have not done so and, accordingly, their claims against Riley must also be dismissed, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

## FACTUAL BACKGROUND

In their Complaint, Plaintiffs seek damages and recission of a mortgage loan they refinanced in 2007. (Amended Complaint, p. 5-6). In July 2007, Plaintiffs received a telephone solicitation from Defendant Joshua Eboh ("Eboh"), a loan officer with Challenge Financial Investors Corporation ("Challenge"), a mortgage brokerage, informing Plaintiffs that Challenge could refinance Plaintiffs' mortgage. (*Id.*). Plaintiffs met with Eboh at Plaintiffs' property and later at Challenge's office to discuss refinancing. (*Id.* p. 5-6). At these meetings, Plaintiffs provided Eboh with their "financial information" and a loan application was completed, but Plaintiffs state that it was not completed until the closing date for their refinance. (*Id.*, p. 5-6). An appraisal of the property was also conducted prior to closing. (*Id.*, p. 6).

On July 31, 2007, the Plaintiffs closed on their mortgage loan, with Equifirst serving as Plaintiffs' lender and retaining a security interest in Plaintiffs' property. (*Id.*, p. 7). Plaintiffs' loan was subsequently sold by Equifirst, with Defendant Sutton Funding, LLC, currently owning the loan. (*Id.*, p. 7-8).

Plaintiffs allege that prior to the closing, Challenge did not provide Plaintiffs with written disclosures of the terms of the mortgage loan as well as other disclosures as required by law, and that Plaintiffs also did not receive the amount of cash or funds from their refinance of the loan or mortgage that was promised. (*Id.*, p. 8-9). On February 24, 2009, Plaintiffs rescinded their Loan. (*Id.*, p. 11).

In 2008, Challenge's mortgage broker license was revoked by the Illinois Department of Financial and Professional Regulations. (*Id.*, p. 10). In 2007, other administrative actions were brought against Challenge in other states concerning Challenge's licensees to conduct business. (*Id.*).

Riley is alleged to be Challenge's director and vice president. (*Id.*, p. 7). No specific time frame is provided by Plaintiffs, however, for Riley's tenure as director and vice president of Challenge. Riley is also alleged to be a treasurer of Piggybanker Stock Company, a Florida corporation and sole shareholder of Challenge. (*Id.*, p. 4). Riley is further alleged to be the Chief Financial Officer of Nations Holding Company ("NHC"), the alleged parent company of Piggybanker Stock Company ("PSC"). (*Id.*). Challenge is a Florida corporation and NHC is a Kansas corporation. (*Id.*). There are also no time periods alleged by Plaintiffs for when Riley was an officer or director of PSC or NHC.

As is apparent from the Plaintiffs' failure to allege facts concerning any conduct by Riley within the state of Illinois, or any action by Riley directed at Plaintiffs or in anyway connected

3

with their claims, Riley should never have been made a defendant and the Court lacks jurisdiction over him.

## APPLICABLE STANDARDS

A. **DISMISSAL FOR LACK OF JURISDICTION OVER THE PERSON UNDER RULE 12(b)(2).**

A defendant can challenge the Court's personal jurisdiction over him by moving for dismissal under Rule 12(b)(2). If a defendant challenges the Court's personal jurisdiction, the plaintiff bears the burden of proving that a prima facie case of personal jurisdiction exists. *See Hyatt Int'l Corp. v. Coco*, 302 F.3d 707, 713 (7th Cir. 2002); *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). Although a plaintiff's uncontroverted factual allegations must be accepted as true, the plaintiff must prove that personal jurisdiction exists for each separate claim alleged in the complaint and a court may consider affidavits from a defendant challenging jurisdiction. *See Beveridge v. Mid-west Mgmt., Inc.*, 78 F.Supp.2d 739, 744 (N.D.Ill. 1999); *Turlock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

In this case, the Court may only exercise jurisdiction over Riley if permitted by the Illinois long-arm statute, but Illinois's exercise of personal jurisdiction is also subject to, and coextensive with, the demands of the Fourteenth Amendment's due process clause. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945); FED. R. CIV. P. 4(k)(1)(A). Accordingly, the Plaintiffs must show that bringing Riley "into federal court in [Illinois] accords with due process principles and that [Riley] is amendable to process in this Court." *Medline Indus., Inc. v. Strategic Commercial Solutions, Inc.*, 553 F.Supp.2d 979, 984-85 (N.D. Ill. 2008).

A plaintiff can satisfy the constitutional requirements for personal jurisdiction by demonstrating either "general" or "specific" personal jurisdiction. *Int'l Shoe*, 326 U.S. at 316. Whereas general jurisdiction exists where a defendant has "continuous and systematic" contacts

with the forum state and can be sued for a cause of action arising in that place, specific jurisdiction exists where a plaintiff shows that the claims against defendants arises out of constitutionally, sufficient contacts with the state. *See Purdue Research Found v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 787 (7th Cir. 2003). Plaintiffs are unable to show that Riley is subject to the personal jurisdiction of this Court on either basis.

B. **DISMISSAL FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6).**

A motion pursuant to Fed. R. Civ. P. 12(b)(6) challenges the legal sufficiency of a complaint and to survive such a motion, a plaintiff "must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Speculative allegations or bare allegations with only labels and conclusions, however, are insufficient to overcome such a motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**ARGUMENT**

I. **PLAINTIFFS' COMPLAINT AGAINST RILEY SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(b)(2).**

Plaintiffs cannot demonstrate that Riley had any contact with the State of Illinois, much less sufficient minimum contacts, to make the exercise of jurisdiction over him fair and just. Because Plaintiffs' Complaint is devoid of facts demonstrating Riley had any role in the wrongdoing alleged in the Complaint, and because his only connection to Illinois is as an officer or director of non-Illinois, corporate defendants, he is not subject to the personal jurisdiction of

this Court. Accordingly, Plaintiffs' claims against Riley must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

Riley is a Missouri resident who works in Kansas and has had no business contacts with the State of Illinois. *See* Ex. A., Declaration of Michael J. Riley ("Riley Decl." at ¶ 3, 6). He does not own property in Illinois, does not have a residence or any work dealings in the state, and had no dealings with Plaintiffs. *See id.*, 4, 5. He also has never paid taxes or voted in Illinois. *See id.*, ¶ 5. The only alleged basis for Riley's contact to this state is as the director and officer of a company, Challenge, that at one time was licensed to conduct business in Illinois but was not formed under the laws of the State of Illinois. These contacts are clearly insufficient to establish general jurisdiction over Riley, a non-resident. *See e.g Interlease Aviation Investors II (Aloha) L.L.C. v. Vanguard Airlines, Inc.*, 262 F.Supp.2d 898, 907-908 (N.D. Ill. 2003) (foreign corporation's contacts with Illinois did not create general jurisdiction over an owner and director absent a showing of the individual's domination over the corporation); *Glass v.Kemper Corp.*, 930 F.Supp. 332, 338-339 (N.D. Ill. 1996) (individual who came to Illinois on business several times a year did not have continuous, systematic and substantial contacts supporting general jurisdiction).

Plaintiffs also cannot establish specific jurisdiction over Riley in Illinois. To wit, the **only** fact that Plaintiffs allege in support of its claims against Riley is that "Defendant [Riley] was Challenge's director and vice president, PSC's treasurer, and NHC's chief financial officer, at all times mentioned herein." (Amended Complaint, p. 4). Plaintiffs admit, however, that none of the corporate defendants (Challenge, PSC and NHC) are Illinois corporations (they are not). Plaintiffs also admit that the **only** corporation with which he had any dealings was Challenge. Consequently, Riley's role as director or office of PSC and NHC are immaterial and does not in

6

and of itself subject him to jurisdiction.[1]  *See Glass*, 930 F.Supp. at 339-340 (finding that absent facts showing that the individual had done any act in Illinois which was an element of the tort, court could not assert specific jurisdiction).

Moreover, there are no allegations that Riley committed a tortuous act in Illinois, or even had any dealings with Plaintiffs.  The Complaint is devoid of any allegations that would support a claim that Riley *personally* committed acts that would support or authorize the Court's exercise of personal jurisdiction over him.  Specific jurisdiction only arises "when a defendant's contacts with the forum are related to the controversy underlying the litigation."  *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1244 (7th Cir. 1990).  Plaintiffs have not alleged that any specific actions or omissions by Riley caused him harm.  Accordingly, specific jurisdiction over Riley is also lacking.[2]

It is not known why the Plaintiffs decided to name Riley in this lawsuit.  They do not make any substantive allegation against Riley, much less show that Riley did any act which would subject him to general or specific personal jurisdiction in Illinois.  Requiring Riley to appear and defend in this forum would deny Riley's due process rights.  Riley must therefore be dismissed from this action pursuant to Fed. R. Civ. P. 12(b)(2).

II. **PLAINTIFFS' COMPLAINT AGAINST RILEY DOES NOT STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

It is axiomatic that a corporation is a legal entity that is separate and apart from its shareholders, officers and directors.  To state a claim against Riley, Plaintiffs must show that he

---

[1] Plaintiffs' claims against PSC and NHC are also not amenable to jurisdiction in Illinois. PSC is alleged to be the sole shareholder of Challenge, while NHC is wrongly alleged to be the "parent corporation" of PSC. These factors are insufficient to assert personal jurisdiction in Illinois of these out-of-state defendants. *See Drake v. Ocwen Finan. Corp.*, No. 09-C-6114, 2010 WL 1910337, at *2 (N.D. Ill. May 6, 2010), attached hereto as Exhibit B.

[2] The "fiduciary shield doctrine" would likely also prevent this Court from exercising jurisdiction over Riley, even if he had sufficient contacts with Illinois.  Riley's contacts to Illinois, if any, "are solely the result of acts as a representative or fiduciary of a corporation" and he is not a shareholder nor does he have a financial interest in the non-Illinois corporate defendants.  *See Rollins v. Ellwood*, 565 N.E.2d 1302, 1317 (1990).

personally participated in the tort, or facts appropriate to pierce the corporate veil to hold an individual liable for the acts of the corporations. Plaintiffs' Complaint contains no such allegations of personal involvement or wrongdoing by Riley. Therefore, the claims against Riley must be dismissed because the Amended Complaint fails to state any claim against him.

Under Illinois law, an officer of a corporation is only liable for the torts of the corporation in which he or she actively participates. *See People ex rel. Madigan v. Tang*, 801 N.E.2d 243, 250 (Ill. App. Ct. 2004). "As a general rule, personal liability for a corporation's wrongdoing cannot be imposed upon an individual merely because he is an officer or director of the corporation." *Gidritz v. Stirco, Inc.*, 646 F.Supp. 825, 829-830 (N.D. Ill. 1986) (citing *Main Bank of Chicago v. Baker*, 427 N.E.2d 94, 101 (Ill. 1981)). Consequently, a plaintiff must allege that a corporate officer directly and personally engaged in the conduct alleged. *See Sidney S. Arst Co. v. Pipefitters Welfare Educes. Fund.*, 25 F.3d 417, 421-22 (7th Cir. 1994). Plaintiffs' Complaint is devoid of any allegations of personal, wrongful conduct by Riley.

Throughout the Complaint, Riley is lumped with "Challenge Defendants" as causing Plaintiffs a variety of harm or damage. Notwithstanding the fact that treating Riley collectively with other defendants does not identity him as having caused specific harm, and therefore fails to demonstrate the requisite personal jurisdiction for this Court, such allegations are also insufficient to state a claim for relief. A corporate officer or director is not liable for a corporation's alleged torts simply by virtue of his office. *See e.g. Veteran Supply Co. v. Swaw*, 548 N.E.2d 667, 669-670 (Ill. App. Ct. 1989). Quite simply, Riley did not commit, and Plaintiffs do not allege that Riley specifically committed, any of the alleged acts that form the basis of Plaintiffs' Complaint.

Because there are no allegations that Riley personally committed the wrongdoing which forms the basis for Plaintiffs' claims, and Plaintiffs have also alleged no reason why Riley can be held liable for other persons' conduct under Illinois law, Riley should be dismissed from this case pursuant to Fed. R. Civ. P. 12(b)(6).

## CONCLUSION

The Amended Complaint filed against Defendant Michael J. Riley fails because there is no basis upon which the Court can assert personal jurisdiction over him, and because there are no allegations of fact that link her personally to the allegations of wrongdoing contained in the Amended Complaint. Accordingly, the Amended Complaint should be dismissed as against Defendant Michael J. Riley pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6).

Dated: August 3rd, 2011.                    Respectfully submitted,


                                            **MICHAEL J. RILEY**


                                            _____/s/ Danielle G. Liffman_____
                                            Paul R. Garry
                                            Danielle Liffman
                                            MECKLER BULGER TILSON MARICK &
                                            PEARSON, LLP
                                            123 N. Wacker Drive, Suite 1800
                                            Chicago, IL 60606
                                            Phone: (312) 474-7900
                                            Facsimile: (312) 474-7898
                                            E-mail: paul.garry@mbtlaw.com
                                            E-mail: danielle.liffman@mbtlaw.com

                                            and

                                            Louis A. Huber, III, MO #28447
                                            Christopher A. Pittman, MO #53240

9

        SCHLEE, HUBER, MCMULLEN & KRAUSE, P.C.
        4050 Pennsylvania, Suite 300
        P. O. Box 32430
        Kansas City, MO 64111-5430
        Telephone: 816-931-3500
        Facsimile: 816-931-3553
        E-mail: lhuber@schleehuber.com
        E-mail: cpittman@schleehuber.com

(Motion for *Pro hac vice* admission pending)

## CERTIFICATE OF SERVICE

I hereby certify that on August 3rd, 2011, I electronically filed the foregoing **DEFENDANT MICHAEL J. RILEY'S MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)** with the Clerk of the Court using the CM/ECF System, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Sabrina Herrell<br>LOGIK Legal LLC<br>11416 S. Prairie, Suite 300<br>Chicago, IL  60628<br>sherrell@logiklegal.org | Jeffrey E. Jamison<br>Dykema Gossett PLLC<br>10 S. Wacker Drive, Sutie 2300<br>Chicago, IL  60606<br>jjamison@dykema.com |
| **Attorneys for Plaintiffs** | **Attorneys for Sutton Funding LLC, Barclays PLC, and Equifirst Corporation** |

_____/s/ Danielle G. Liffman_____

Attorney for Defendant Michael J. Riley